Elmer E. WALCKER; Stella C. Walcker, husband and wife, Plaintiffs—Appellants,

v.

SN COMMERCIAL, LLC, an Alaska limited liability company; SN Servicing Corporation, an Alaska limited liability company; Christiana Bank & Trust Company, a Delaware corporation; Security National Asset Securitization Series Trust II, a Delaware corporation; John and Does, 1–10, inclusive, Defendants—Appellees.

No. 06–36062.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2008.

Filed July 28, 2008.

Joshua J. Busey, Timothy John Carlson, Carlson Boyd & Bailey PLLC, Yakima, WA, for Plaintiffs–Appellants.

Kimberly W. Osenbaugh, Athan E. Tramountanas, Kirkpatrick & Lockhart Preston Gates Ellis, LLP, Seattle, WA, for Defendants–Appellees.

Before: BEA and M. SMITH, Circuit Judges, and HOOD,[*] Senior District Judge.

## MEMORANDUM [**]

Plaintiffs–Appellants Elmer and Stella Walcker ("the Walckers") took out a loan that was later transferred to SN Commercial, LLC ("SNC") and serviced by SN Commercial's affiliate, SN Servicing ("SNS"). While servicing this loan SNS sent two letters to the Walckers: one introducing itself as the loan servicer, and one discussing options for the Walckers to pay off their loan. The Walckers filed an action against SNS, SNC, and the other appellees alleging, inter alia, that they violated the Washington Collection Agency Act ("WCAA"),[1] Wash. Rev.Code § 19.16, et seq., and the Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code § 19.86, when they sent the Walckers the above-referenced letters.[2]

On January 31, 2006, Defendants, prior to filing an answer, moved for summary judgment. After conducting a hearing on the matter, the district court held that: (1) SNS was not subject to the provisions of the WCAA; (2) the Notices sent by SNS to the Walckers did not violate the WCAA; and (3) because the Walckers' claims against SNC, SN Trust, and Christiana were based on SNS's violation of the WCAA, the Walckers' claims against the same also failed.[3] The Walckers appeal the district court's dismissal of their claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm the dismissal, but for different reasons than those stated by the district court.

The WCAA requires licensees[4] to provide certain information to debtors when giving or sending any notice, letter, message, or form which "represents or implies that a claim exists." Wash. Rev.Code § 19.16.250(8). All notices which represent or imply that a claim exists must provide the name of the original creditor, Wash. Rev.Code § 19.16.250(8)(b), and if the notice is the first such communication to a debtor, an itemization of the claim must be made, detailing the amount owed on the original obligation at the time it was received by the licensee for collection, Wash. Rev.Code § 19.16.250(8)(c)(i). Neither of the letters sent out by SNS detailed the amount owed on the original obligation. The second letter also failed to provide the name of the original creditor.

[*] The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Walckers also alleged an independent violation of the WCAA by SNC which the district court dismissed. The Walckers have not assigned error to the district court's decision as it regards that decision, and it is not part of this appeal.

2. KeyBank National Association, Mortgage Electronic Registrations Systems, Inc., and Wells Fargo Foothill, Inc. were also named as party defendants in the original action. The Walckers claims against these additional parties were dismissed by separate order of the court and/or stipulation of the parties and are not the subject of this appeal.

3. The district court did not rule on the Walckers' claims for violation of the WCPA because the Walckers' claims for the WCPA violation flowed from their claims for WCAA violations.

4. SNS obtained a license under the prior version of the Washington debt collection legislation. It continues to maintain that license even though it was argued that such was no longer required. We assume for the purpose of this appeal that SNS was a licensee.

Wash. Rev.Code § 19.16.450 provides the penalty for violations of Wash. Rev. Code § 19.16.250. Wash. Rev.Code § 19.16.450 states that if an act or practice in violation of Wash. Rev.Code 19.16.250 is committed by a licensee in the collection of a claim, the licensee shall never be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim. Wash. Rev.Code § 19.16.450. As clearly stated in Wash. Rev.Code § 19.16.450, penalties are warranted only if a violation of Wash. Rev. Code § 19.16.250 occurs in the "collection of a claim."

In a case involving the Fair Debt Collection Practices Act ("FDCPA"), the Seventh Circuit held that a letter, similar to the letters in this case, did not violate the FDCPA because it did not demand payment. *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 388–89 (7th Cir.1998) ("Under the law only communications 'in connection with the collection of any debt' (see 15 U.S.C. §§ 1692e, 1692g) fall under the ambit of the Act, and the defendants' letters cannot reasonably be placed in that category. The important letter dated January 4 does not 'demand' any payment whatsoever, but merely informs the Baileys about 'the current status' of their account."). While the FDCPA imposes penalties for "communications in the collection of any debt," the WCAA imposes penalties for communications "in the collection of a claim." 15 U.S.C. §§ 1692e, 1692g; Wash. Rev.Code § 19.16.450. "Debt" is defined in the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). A claim under the WCAA is defined as "any obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied." Wash. Rev.Code § 19.16.100(5). Despite the fact that the court in *Bailey* was dealing with the FDCPA, the Seventh Circuit's reasoning can easily be applied to this case.

■ Even though the letters sent by SNS to the Walckers may have violated Wash. Rev.Code § 19.16.250, the Walckers are not entitled to penalties as neither of the letters is a communication "in the collection of a claim." The first letter sent by SNS informed the Walckers that their loan had been transferred from KeyBank to SNS. The second letter offered the Walckers options for getting a fresh new start with their outstanding payments. These are informational letters regarding the current status of the Walckers' account, not demands for payment; therefore, penalties are not warranted under Wash. Rev.Code § 19.16.450.

■ Assuming that the letters SNS sent violated Wash. Rev.Code § 19.16.250, the Walckers' WCPA claim still fails. The Washington Consumer Protection Act, Wash. Rev.Code § 19.86.020, states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." An individual who is injured in his or her business or property by a violation of Wash. Rev.Code § 19.86.020 may bring a civil action to recover the actual damages sustained by him together with the costs of the suit. Wash. Rev.Code § 19.86.090. To prevail on a WCPA claim on the basis of a per se violation, the Walckers must show "(1) the existence of a pertinent statute; (2) its violation; (3) that such violation was the proximate cause of damages sustained and

(4) that they were within the class of people the statute sought to protect." *Keyes v. Bollinger*, 31 Wash.App. 286, 640 P.2d 1077, 1080–81 (1982). A violation of Wash. Rev.Code § 19.16.250 is a per se unfair and deceptive trade practice, thereby satisfying the first and second prongs for a WCPA violation. Wash. Rev.Code § 19.16.440. Nevertheless, the Walckers cannot meet the third requirement; that is, to show that they have suffered an injury as a result of the Wash. Rev.Code § 19.16.250 violation. The Walckers argue that they were "forced to pay a debt, pursuant to the Tender Agreement, which was legally unenforceable after the violation of the WCAA in question." The Walckers are relying on Wash. Rev.Code § 19.16.450 to argue that they did not owe interest and other charges. As discussed above, however, Wash. Rev.Code § 19.16.450 does not apply to this case because letters in question were not sent "in the collection of a claim"; thus the Walckers did not pay a debt which was legally unenforceable. Therefore, as the Walckers cannot show that they have sustained any damages as a result of the Wash. Rev.Code § 19.16.250 violation, their WCPA claim fails as well.

Although the district court dismissed the action for different reasons, the ultimate judgment of dismissal was correct.

**AFFIRMED.**